IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00295-BNB

GLENN H. KEMP,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
KEVIN MILYARD,
BEVERLY DOWIS,
BRIAN WEBSTER,
GATBEL CHAMJOCK,
CHRIS WADE,
T. TARVER, and
ANTHONY A. DECESARO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 3 2009

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Glen H. Kemp, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Kemp has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) for injunctive relief and money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has paid the $20.00 initial partial filing fee.

The Court must construe the complaint liberally because Mr. Kemp is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I cannot be the *pro se* litigant's advocate, however. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Kemp will be ordered to file an amended complaint.

Mr. Kemp is challenging the defendants' alleged deliberate indifference to his safety and to his need for medical treatment for injuries suffered when the driver of a transport vehicle in which he was a passenger rear-ended another vehicle, causing a five-car collision. He fails to allege exactly what each defendant did to violate his constitutional rights, however. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Kemp must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendants like Aristedes Zavaras, DOC executive director, and Kevin Milyard, warden of the Sterling Correctional Facility, may not be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Kemp may use fictitious names such as Jane or John Doe if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Kemp uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Mr. Kemp shall file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**,* 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**,* 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kemp's complaint is unnecessarily verbose. He must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Kemp "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir.

3

2007). Accordingly, it is

ORDERED that Plaintiff shall file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Kemp, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Kemp fails to file an amended complaint that complies with this order within the time allowed the complaint and the action will be dismissed without further notice.

DATED March 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00295-BNB

Glenn H. Kemp
Reg No. 118797
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 3/23/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk