IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00295-WYD-MJW

GLENN H. KEMP,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
KEVIN MILYARD,
BEVERLY DOWIS,
BRIAN WEBSTER,
GATBEL CHAMJOCK,
CHRIS WADE,
T. TARVER, and
ANTHONY A. DECESARO,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss filed August 3, 2009 [d/e 18]. This motion was referred to Magistrate Judge Michael J. Watanabe for a recommendation by Order of Reference dated June 8, 2009. Magistrate Judge Watanabe issued a Recommendation on Defendants' Motion to Dismiss on January 22, 2010. Plaintiff filed his Objections to Magistrate Judge's Recommendations on February 24, 2010. Defendants did not respond to Plaintiff's objections. After a thorough review of the Recommendation in light of Plaintiff's objections and having considered the record, pleadings, and applicable law, I find that Magistrate Judge Watanabe's Recommendation

should be modified as set forth below.[1]

## I. LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, a district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to."[2] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court will "assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the

---

[1]Plaintiff only objected to the Recommendation's findings and conclusions that involved Defendants Chris Wade, T. Tarver and Gatbel Chamjock. I have reviewed the portions of the Recommendation that were not objected to and concur with Magistrate Judge Watanabe's analysis and conclusions. Therefore, the sections of the Recommendation pertaining to Defendants Anthony A. Decesaro, Beverly Dowis, Aristedes Zavaras and Kevin Milyard are **ACCEPTED** and the claims against these Defendants are **DISMISSED with prejudice**.

[2]After reviewing the circumstances resulting in the delayed filing of Plaintiff's objections, I do not find that Plaintiff has timely filed his objections pursuant to Fed. R. Civ. P. 72(b)(2), but in an abundance of caution, I will assume that he has made timely objections. Therefore, the Court's March 2, 2010 Show Cause Order is hereby **DISCHARGED**.

elements of a cause of action supported by mere conclusory statements.  *See Iqbal*, 129 S.Ct. at 1949.  In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2).  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted).

Defendants T.Tarver, Chris Wade and Gatbel Chamjock argue that they are entitled to qualified immunity because Plaintiff has not shown the violation of a constitutional right.  Public officials are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 515 (10th Cir. 1998).  The test for an Eighth Amendment violation has both an objective and subjective requirement.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective requirement is met when an inmate alleges a deprivation that is "sufficiently serious."  *Id.* (quotation omitted).  For a claim based on failure to insure safety, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," *id.* at 834, otherwise described as an "excessive risk to inmate health or safety," *id.* at 837, one "sure or very likely to cause serious illness and needless suffering."  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  As to the subjective requirement, "deliberate indifference describes a state of mind more blameworthy than negligence," *Farmer*, 511 U.S. at 835, but "something less than acts or omissions for the very purpose of causing

harm or with knowledge that harm will result." *Id.* The test is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In short, liability requires "consciousness of a risk." *Id.* at 840.

At the outset, I note Plaintiff's *pro se* status in this matter. "[A] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court should not, however, "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.  LEGAL ANALYSIS

Plaintiff first objects to Magistrate Judge Watanabe's finding that "Plaintiff's 8th Amendment Claim against Defendants Wade and Tarver was actually two separate 8th Amendment Claims." (Pl.'s Obj., ¶1). Plaintiff's objection is baseless and misapprehends the appropriate standard for analyzing a proper 42 U.S.C. § 1983 claim. Because claims under § 1983 cannot be based upon vicarious liability a court must consider each defendant individually to determine whether the evidence indicates a constitutional violation occurred. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)("Respondeat superior or vicarious liability will not attach under 1983.")

Plaintiff also contends that Magistrate Judge Watanabe erred in ruling that the

Complaint failed to make a valid Eighth Amendment claim against Defendants Chris Wade and T. Tarver. I disagree. With respect to Defendant T. Tarver, Plaintiff has simply alleged that Defendant Tarver failed to "strap the plaintiff in seatbelts during transport", which the Tenth Circuit Court of Appeals has held is not sufficient to allege an Eighth Amendment violation. *Dexter v. Ford Motor Co.*, 92 Fed. App'x 637 (10th Cir. 2004).

With respect to Defendant Chris Wade, Plaintiff has plead more, but not enough to state a claim for an Eighth Amendment violation. With respect to the objective component, Plaintiff alleged that Defendant Wade failed to strap the Plaintiff in a seatbelt, that Wade was "driving at an unsafe rate of speed on iced-over roads" and that he caused an accident by following another car too closely. *See* Pl.'s Mot., ¶¶8, 13 and 14. Although Plaintiff was transported 129 miles from Sterling, Colorado to Denver, Colorado, Plaintiff failed to allege any further facts describing Defendant Wade's driving during any part of that trip.[3] Basically, Plaintiff has alleged that Defendant Wade drove at an unsafe speed that resulted in an accident at the end of the trip - 129 miles later - when he was following another car too closely. These bare, conclusory allegations are insufficient to allow me to determine that Plaintiff was exposed to an excessive risk that was sure or likely to cause needless suffering. *Farmer*, 511 U.S. at 837; *Helling*, 509 U.S. at 33; *see also Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996)("[a]llegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness." (*citing Apodaca v. Rio Arriba Cty. Sheriff's Dep't*, 905 F.2d 1445, 1446-47 (10th Cir.1990)). Therefore, Plaintiff

---

[3] A court may take judicial notice of the driving distance between two points located in the record using mapping services, such as Google Maps (http://maps.google.com/), whose accuracy cannot reasonably be questioned. *Citizens for Peace in Space v. City of Colorado Springs*, 477 F.3d 1212, 1219 (10th Cir. 2007); FED. R. CIV. P. 201(b) and (c).

has not made anything more than a conceivable Eighth amendment violation, as opposed to a plausible one. *The Ridge at Red Hawk, L.L.C. v.Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Even if I assume that Plaintiff has satisfied the objective component, Plaintiff also failed to plead that Defendant Wade acted with deliberate indifference. Plaintiff has merely alleged that Defendant Wade "failed to adjust his driving to hazardous road conditions", and "sped along as if he were driving in normal weather conditions." *See* Pl.'s Mot., ¶¶8, 13. Plaintiff argues that he has stated a claim for deliberate indifference and that this case is nearly identical to the facts involved in *Brown v. Missouri Dept. Of Corr.,* 353 F.3d 1038 (8th Cir. 2004). I disagree and find the *Brown* decision inapposite to the situation here. In *Brown*, the Eighth Circuit determined that a plaintiff sufficiently pled an Eighth Amendment claim for injuries sustained from a motor vehicle accident, which occurred during the plaintiff's transport by the Missouri Department of Corrections to a correctional facility. There, the plaintiff was shackled with "bellychains, handcuffs, blackbox, and leg chains" and allegedly requested the correctional officers to fasten his seatbelt. *Id.* at 1040. The officers refused, and allegedly responded with "aw hell you all will be alright," and "what you all don't trust our driving?" *Id.* The plaintiff was "scared by the way the drivers of the vans were driving: speeding ('up to 70 to 75 miles an hour'), following closely, and passing cars 'even if the road markings suggested otherwise.'" *Id.* The plaintiff's transport vehicle eventually crashed into two other prison vans, and the plaintiff experienced lower back trauma, and whiplash. *Id.* The Eighth Circuit "conclude[d] [that plaintiff] stated a claim

has not made anything more than a conceivable Eighth amendment violation, as opposed to a plausible one. *The Ridge at Red Hawk, L.L.C. v.Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Even if I assume that Plaintiff has satisfied the objective component, Plaintiff also failed to plead that Defendant Wade acted with deliberate indifference. Plaintiff has merely alleged that Defendant Wade "failed to adjust his driving to hazardous road conditions", and "sped along as if he were driving in normal weather conditions." *See* Pl.'s Mot., ¶¶8, 13. Plaintiff argues that he has stated a claim for deliberate indifference and that this case is nearly identical to the facts involved in *Brown v. Missouri Dept. Of Corr.,* 353 F.3d 1038 (8th Cir. 2004). I disagree and find the *Brown* decision inapposite to the situation here. In *Brown*, the Eighth Circuit determined that a plaintiff sufficiently pled an Eighth Amendment claim for injuries sustained from a motor vehicle accident, which occurred during the plaintiff's transport by the Missouri Department of Corrections to a correctional facility. There, the plaintiff was shackled with "bellychains, handcuffs, blackbox, and leg chains" and allegedly requested the correctional officers to fasten his seatbelt. *Id.* at 1040. The officers refused, and allegedly responded with "aw hell you all will be alright," and "what you all don't trust our driving?" *Id.* The plaintiff was "scared by the way the drivers of the vans were driving: speeding ('up to 70 to 75 miles an hour'), following closely, and passing cars 'even if the road markings suggested otherwise.'" *Id.* The plaintiff's transport vehicle eventually crashed into two other prison vans, and the plaintiff experienced lower back trauma, and whiplash. *Id.* The Eighth Circuit "conclude[d] [that plaintiff] stated a claim

against the five COs involved in transporting the inmates, as he alleged he asked them all to fasten his seatbelt, but they refused." *Id.*

In contrast to the factual specificity in *Brown,* the Amended Complaint here contains a dearth of factual elaboration concerning any part of the 129 mile journey from Sterling to Denver. There are similarly no allegations concerning any communication between Plaintiff and Defendant Wade. More importantly, the fact emphasized by the Eighth Circuit - that the prisoner asked guards to fasten his seatbelt, but they refused - is also absent here. It seems implicit in *Brown* and other decisions that the denial of a request to fasten a seatbelt weighs heavily on the subjective component of an Eighth Amendment challenge. *Brown,* 353 F.3d at 1040; *Riddick v. Reiger*, 2006 WL 2644924 at *7 (M.D.Fla., September 14, 2006)(finding no Eighth Amendment violation where "Plaintiff does not claim that he requested and was denied the use of the seatbelt[.]"). While I do not believe that a failure to plead that a seatbelt was requested and denied is outcome determinative here, coupled with the other factual deficiencies discussed *supra*, I am unable to find that Plaintiff has made a plausible claim that Defendant Wade had actual knowledge of impending harm that he consciously refused to prevent.[4] *Farmer*, 511 U.S. at 838; *The Ridge at Red Hawk*, 493 F.3d at 1177. Accordingly, I accept Magistrate Judge Watanabe's finding, which I incorporate herein, that Plaintiff has not made a valid Eighth Amendment claim against Defendants Tarver and Wade.

---

[4]Plaintiff has submitted additional factual material in the form of an affidavit attached to his Response to Defendants' Motion to Dismiss [d/e 20]. Like Magistrate Judge Watanabe, I have not considered these materials, and, therefore, converting this motion to dismiss to a motion for summary judgment is not appropriate here. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000). The information contained in the affidavit, however, is the type of factual detail I find lacking from the Amended Complaint.

Plaintiff also objects to the finding that he failed to state an Eighth Amendment claim against Defendant Gatbel Chamjock.  Plaintiff argues that the allegations of the Amended Complaint are sufficient because he alleged that Defendant Chamjock "refused to provide **any** form of treatment" for his urinary incontinence.  *See* Pl.'s Mot., p. 4 (emphasis in original).  A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment.  *See Estelle*, 429 U.S. at 102.  Again, deliberate indifference involves both an objective and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component is met if the deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834.  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).  "The second, subjective portion of the *Farmer* test requires that the prison official show "deliberate indifference" to the existence of any risk inherent in exposure to the challenged conditions."  *DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001).

Although it is a close call, I find that Plaintiff has alleged sufficient facts for me to find an Eighth Amendment violation plausible.  *See Twombly*, 127 S.Ct. at 1969 (a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely).  Here, Plaintiff alleged that he suffered from urinary incontinence, which I find sufficiently serious under *Farmer,* and that Defendant Chamjock refused to provide any treatment for this medical need.  It does

not appear that Defendant disputes that an inmate's right to medical care under the Eighth Amendment was clearly established at the time the alleged deprivations occurred, *see, e.g., Gamble*, 429 U.S. 97, or that Defendant Chamjock should have reasonably known that his conduct would violate this clearly established right. Accordingly, construing the facts in the light most favorable to Plaintiff, I find that he has stated a claim for deliberate indifference to medical needs and therefore **REJECT** the portion of Magistrate Judge Watanabe's Recommendation dismissing claim two against Defendant Chamjock.

Plaintiff also objects to Magistrate Judge Watanabe's decision to decline to exercise supplemental jurisdiction over his state-law tort claims. I have concluded herein that the Eighth amendment claims against defendant Tarver and Wade were properly dismissed. I also believe that Magistrate Judge Watanabe properly declined to exercise supplemental jurisdiction over the pendant state claims alleged against these two Defendants.[5] Thus, I **ACCEPT** this portion of Magistrate Judge Watanabe's Recommendation and dismiss the state law claim against Defendants Wade and Tarver without prejudice.

Finally, Plaintiff objects to the recommendation that his claims against Tarver and Wade be dismissed with prejudice. Plaintiff's pleadings fail to provide any discussion or analysis in support of or in further explanation of this objection. Although Plaintiff has done little to help his own cause here, it is not clear to me from a review of the pleadings that "allowing [the Plaintiff] an opportunity to amend his complaint would be futile [.]" *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). Upon further elaboration of the nature

---

[5]Plaintiff also seems to suggest that he pled a state-law claim against Defendant Chamjock. My review of Plaintiff's Amended Complaint, however, failed to uncover any reference to a state-law claim involving that Defendant.

of the driving involved in this case and the interactions between Defendants and Plaintiff during the 129 mile trip, as well as whether Plaintiff requested that he be placed in a seatbelt, Plaintiff might be able to state a valid Eighth Amendment claim against Defendants. Accordingly, I **REJECT** the section of Magistrate Judge Watanabe's Recommendation dismissing the claims in Count One with prejudice and conclude that dismissal is without prejudice so that Plaintiff may file a Second Amended Complaint.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that Magistrate Judge Watanabe's Recommendation dated January 22, 2010 should be **REJECTED IN PART** and **ACCEPTED IN PART**. As set forth herein, Defendants' Motion to Dismiss filed August 3, 2009 [d/e 18] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that the Eighth Amendment claims in Claim One against Defendants Wade and Tarver are **DISMISSED WITHOUT PREJUDICE**; the state-law negligence claims in Claim One is **DISMISSED WITHOUT PREJUDICE**; that the claims against Defendants Anthony A. DeCesaro and Beverly Dowis in claim Two are **DISMISSED WITH PREJUDICE**; the claims against Defendants Aristedes Zavaras and Kevin Milyard in Claim Three are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

Dated: March 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge