IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00295-WYD-MJW

GLENN H. KEMP,

Plaintiff,

v.

ARISTEDES ZAVARAS, et al.,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Plaintiff's Motion to Supplement Pleadings (Docket No. 54), to which no response was filed, is **granted**.

It is further **ORDERED** that the Plaintiff's Motion to Amend Complaint (Docket No. 58) is **granted**.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)), cert. denied, 130 S. Ct. 1506 (2010). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

In their Response (Docket No. 65), defendants Wade, Tarver, and Webster argue that the plaintiff's proposed amendments are futile because plaintiff does not state a claim for a constitutional violation. In addition, they argue that they are entitled to qualified immunity, that plaintiff's official capacity claims are barred by the Eleventh Amendment, and that plaintiff's proposed amendment does not state a claim for declaratory relief. Judge Ebel has previously addressed the futility issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). In the General Steel case, Judge Ebel stated, in pertinent part: "Defendants' futility argument seems to place the cart before the horse. Rather than

force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  For the same reason expressed by Judge Ebel in General Steel, and based upon the fact that in the instant case Chief Judge Daniel previously dismissed the plaintiff's claims in Claim One "without prejudice so that Plaintiff may file a Second Amended Complaint"  (Docket No. 52 at 10), this court finds that plaintiff's motion to amend should be granted.

It is thus further **ORDERED** that on or before **June 6, 2010**, the plaintiff shall file a Second Amended Complaint which incorporates his Supplement to the Amended Complaint (Docket No. 54 at 4-9) into his tendered Second Amended Complaint (Docket No. 58-1).  Once plaintiff does so, the Amended Complaint will no longer be the operative pleading.  Therefore, after the Second Amended Complaint is filed by plaintiff as directed by this court in this Minute Order, defendant Webster shall advise the court whether he will be withdrawing his Motion to Dismiss the Amended Complaint (Docket No. 50).

Date:   May 20, 2010