IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00295-WYD-MJW

GLENN H. KEMP,

    Plaintiff,
v.

BRIAN WEBSTER,
GATBEL CHAMJOCK,
CHRIS WADE,
T. TARVER, and

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on Defendants Wade and Tarver's Motion to Dismiss the Second Amended Complaint [ECF No. 76], filed June 16, 2010.  By Memorandum of June 16, 2010, this motion was referred to United States Magistrate Judge Watanabe for a recommendation.  Magistrate Judge Watanabe issued a Recommendation on February 17, 2011 [ECF No. 84], which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

Magistrate Judge Watanabe recommends that Wade and Tarver's Motion to Dismiss Plaintiff's Second Amended Complaint be granted in part and denied in part. Specifically, he recommends that the motion be granted to the extent that the Plaintiff's official capacity claims for damages and declaratory relief be dismissed with prejudice and that the motion be denied in all other respects.  *See* Recommendation at 10.

Defendants' timely objection to the Recommendation [ECF No. 85] necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination'....'. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)). "'The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.'" *Id.* (quoting *Mathews v. Weber,* 423 U.S. 261, 271 (1976)). Plaintiff did not file any objections to the Recommendation, nor did he file a response to the objections filed by the Defendants. After a thorough review of the Recommendation and Defendants' objections, and having considered the record, pleadings, and applicable law, I find that Magistrate Judge Watanabe's Recommendation should be affirmed.

Magistrate Judge Watanabe found that additional averments in the Second Amended Complaint–averments which were not previously included in the original complaint–sufficiently state a cognizable Eighth Amendment claim. Specifically, he found that the additional allegations in Plaintiff's Second Amended Complaint nudge Plaintiff's Eighth Amendment claim across the line from conceivable to plausible, and therefore that the Defendants are not entitled to qualified immunity.

Defendants object to these findings. They argue that Plaintiff's allegations do not rise to the level of a constitutional violation and should be dismissed.

I concur with the recommendation of Magistrate Judge Watanabe and overrule

Defendants' objection on the issue.  Reviewing Defendants' motion *de novo*, I find that the Plaintiff has sufficiently alleged a violation of a clearly-established constitutional right of which a reasonable person would have known.  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Once a public official asserts a qualified immunity defense, "Plaintiffs must satisfy a heavy two-part burden, showing that (1) the defendant violated a constitutional or statutory right and (2) the right was clearly established at the time of the defendant's unlawful conduct."  *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008).  The Supreme Court has held that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818 (2009).  Under *Pearson*, "for a plaintiff to prevail, both prongs must be adequately established; however, for a defendant to prevail, inadequacy with respect to either prong will suffice."  *Davis v. City of Aurora,* 705 F.Supp.2d 1243, 1255 (D.Colo. 2010)(citing *Shroff v. Spellman*, 604 F.3d 1179, 1188 (10th Cir. 2010)).

      The determination under the first prong–whether the defendant violated a constitutional or statutory right–turns on the substantive law regarding that right.  *See e.g., Casey v. City of Fed. Heights*, 509 F.3d 1278, 1282-83 (10th Cir. 2007).  The test for an Eighth Amendment violation has both an objective and a subjective element.

*Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective requirement is met when an inmate alleges a deprivation that is "sufficiently serious." *Id.* (quotation omitted). For a claim based on failure to insure safety, the inmate must show an excessive risk to inmate health or safety. *Id.* As to the subjective requirement, "deliberate indifference describes a state of mind more blameworthy than negligence," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.

While it is a close question, I find that the Plaintiff has sufficiently alleged both the objective and subjective requirements for an Eighth Amendment violation. As I noted in my March 29, 2010 Order [ECF No. 52], wherein I ruled on Defendant's previous motion to dismiss, a simple allegation that a Defendant failed to "strap the plaintiff in seatbelts during transport" is not sufficient to allege an Eighth Amendment violation. *See Dexter v. Ford Motor Co*, 92 Fed. App'x 637 (10th Cir. 2004). Here, Plaintiff has gone further than making bare conclusory allegations regarding Defendant's driving during the Plaintiff's transport. In the Second Amended Complaint, Plaintiff alleges that Plaintiff stated to the officers that they could elect to reschedule the trip given the weather, but that Plaintiff could not because if he cancelled, his medical provider would likely deny further treatment; that Defendants failed to respond to Plaintiff's request for a seatbelt during the transport; and that Defendant Tarver made remarks regarding Wade's reckless driving, but did not attempt to relieve Wade of his driving duties. As I previously noted in my March 29, 2010 Order, the allegation that Plaintiff specifically requested that the guards fasten his seatbelt, and further that the guards intentionally refused this request, weighs heavily towards finding that the subjective component of

the test for an Eighth Amendment violation is met.  *See Brown v. Missouri Dept. Of Corr.*, 353 F.3d 1038 (8th Cir. 2004).  I find that this allegation, coupled with the additional averments in Plaintiff's Second Amended Complaint regarding Defendants' reckless driving, are sufficient to state a claim and survive Defendants' motion to dismiss.

Neither party challenges Magistrate Judge Watanabe's recommendation that Plaintiff's official capacity claims for damages and declaratory relief should be dismissed with prejudice.  Nevertheless, conducting my own independent review of the issue, I affirm this finding.

Based on the foregoing, I find that Magistrate Judge Watanabe's Recommendation should be affirmed in its entirety and that Defendants' objections should be overruled.  It is therefore

ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 84] is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants Wade and Tarver's Motion to Dismiss the Second Amended Complaint [ECF No. 76] be **GRANTED in part** and **DENIED in part.**  It is **GRANTED** to the extent that the Plaintiff's official capacity claims for damages and declaratory relief be dismissed with prejudice; and it is **DENIED** in all other respects.

FURTHER ORDERED that Defendants Wade and Tarver's Objections to the Recommendation of February 17, 2011 [ECF No. 85] are **OVERRULED**.

Dated:  March 22, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge