IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-00295-RBJ-MJW

GLENN H. KEMP,

Plaintiff,

v.

BRIAN WEBSTER,
GATBEL CHAMJOCK,
CHRIS WADE, and
T. TARVER,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Plaintiff's Motion for Leave to Amend Complaint Under Fed. R. Civ. P. 15(2) **(Docket No. 98)** is granted, finding good cause shown, and the tendered Third Amended Complaint (Docket No. 98-2) is accepted for filing as of the date of this Minute Order.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  Furthermore, Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  Motions to supplement are addressed to the sound discretion of the court. Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989).  "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." Southwest Nurseries, LLC v. Florists Mut. Ins.,

2

Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).  A motion to amend or supplement a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal."  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

      Here, the court acknowledges that the claims against defendant Dowis which were contained in Claim Two of the Amended Prisoner Complaint (Docket No. 10) were dismissed with prejudice.  (See Docket Nos. 45 and 52).  As this court previously noted in its report and recommendation (Docket No. 45 at 22), plaintiff alleged the following in that claim.  Plaintiff wrote a letter of complaint to Dowis regarding inadequate medical treatment and false documentation of his medical record by Webster and asked her to intervene and schedule an appointment to be examined by a qualified doctor because his serious medical needs were not being met.  Dowis did not respond to the plaintiff's letter and did not intervene as requested but allowed Webster to continue in his abusive practices and procedures.  Even after plaintiff filed several grievances, nothing changed.  In addition, Dowis established and/or tolerated policies and/or procedures by which patients are denied immediate access to what health care providers enter into the patient's medical record during and after a medical complaint is reported.  Those claims were dismissed on the basis of lack of personal involvement.  (See Docket No. 45 at 23).  This court noted that an allegation that a person was sent a grievance and/or correspondence is not sufficient to establish his or her personal participation in a constitutional violation and found that not permitting plaintiff to have immediate access to his medical records does not state a claim of constitutional magnitude.  (Docket No. 45 at 23).  In the tendered Third Amended Complaint (Docket No. 98-2 at 25-26), the claims against Dowis appear to concern actions allegedly done after the dismissal of the previous claims against Dowis.  Therefore, the court does not agree with defendants that leave to amend should be denied on the basis of futility.

      In addition, there has been no showing of any undue delay, undue prejudice to the defendants, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed which would warrant denial of the motion to amend.

Date:  October 24, 2011