IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-00295-RBJ-MJW

GLENN H. KEMP,

    Plaintiff,

v.

BRIAN WEBSTER, in his individual capacity,
GATBEL CHAMJOCK, in his individual capacity,
CHRIS WADE, in his individual capacity,
TRACY TARVER, in his individual capacity,
CHERYL SMITH, in her individual capacity as Chief Medical Officer of the Colorado
Department of Corrections ("CDOC"),
DR. GARY FORTUNATO, in his individual capacity as physician at SCF,
JOANN STOCK, PA, in her individual capacity as a Physician's Assistant working at SCF,
BEVERLY DOWIS, in her individual and official capacity as Health Service Administrator for SCF,

    Defendants.

## ORDER

    Before this Court are defendants' motion in limine regarding plaintiff's expert disclosures, plaintiff's motion for issue preclusion, and defendants' cross motion regarding issue preclusion. These motions are addressed below.

**Background**

    Plaintiff Glenn Kemp is a prisoner at Sterling Correctional Facility. Mr. Kemp brought several constitutional claims against defendants Wade and Tarver arising out of a van accident in which Mr. Kemp was a passenger. Mr. Kemp claims that he was transported on a snowy day with no seatbelt in violation of the Eight Amendment. Mr. Kemp has also brought claims against defendants Brian Webster, Gatbel Chomjock, Cheryl Smith, Joann Stock, and Beverly Dowis

related to the medical treatment he received both for injuries he allegedly received in the van accident as well as medical treatment he received for a prostate condition. Summary judgment was granted for defendants on the claim of unconstitutional medical care for injuries sustained in the van accident. Additionally, summary judgment was granted for defendants Chomjock, Smith and Weber for the prostate claims. At this stage in the litigation, Mr. Tarver and Mr. Wade remain as defendants on the claim arising from the van accident, and Ms. Dowis remains as a defendant for the claim arising from the treatment of Mr. Kemp's prostate.

Per the scheduling order [docket #132)] the parties were to disclose all experts and provide any reports required by Federal Rule of Civil Procedure 26(a)(2) no later than June 24, 2012. Mr. Kemp provided defendants with a list of experts including several of Mr. Kemp's treating physicians. Mr. Kemp did not provide defendants with expert reports for any of the treating physicians.

In addition to this litigation, Mr. Kemp also brought negligence claims against Mr. Wade and Mr. Tarver in state court. That case went to a jury trial in June of this year. Mr. Kemp now seeks to use issue preclusion to establish that Mr. Wade and Mr. Tarver negligently failed to provide a seatbelt to Mr. Kemp and negligently caused a car accident leading to Mr. Kemp's back injury. Defendants responded to this motion with a cross motion seeking to use claim preclusion to bar Mr. Kemp's claims arising from the van accident from being litigated in this Court.

**Analysis**

<u>Expert Disclosures</u>

Rule 26(a)(2)(A) requires parties to disclose any expert witness that will present evidence at trial. Fed. R. Civ. P. 26(a)(2)(A). Additionally, if "the witness is one retained or specially

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must also include a full report. Fed. R. Civ. R. 26(a)(2)(B). "For all other witnesses, parties are required to disclose only, '(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify.'" *Davis v. GEO Group*, No. 10-cv-02229, 2012 WL 882405, at *2 (D. Colo. March 15, 2012) (quoting Fed. R. Civ. P. (26)(a)(2)(C)).

Generally, a treating physician is not considered "retained or specially employed" within the meaning of Rule 26(a)(2)(B). *Trejo v. Franklin,* No. 04–cv–02523–REB–MJW, 2007 WL 2221433, at *1 (D.Colo. July 30, 2007). When the treating physician's testimony is limited to "his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony is based on his specialized knowledge and training." *Davis*, 2012 WL 882405 at *2 (quoting *Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.,* 233 F.R.D. 513, 518 (N.D. Ill. 2006)). In those cases no expert report is required. *Id.* However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he said and did and why he did it . . . and is giving an opinion formed because there is a lawsuit." *Davis*, 2012 WL 882405 at *2 (quoting *Griffith,* 233 F.R.D. at 518). Accordingly, in those cases, an expert report is required. *Id.* "It is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo,* 2007 WL 2221433, at *2.

Defendants request a motion in limine to exclude plaintiff's experts from testifying as to causation or future prognosis because no expert reports were disclosed. Because plaintiff did not

disclose expert reports, plaintiff's experts are limited to observations, diagnosis and treatment of Mr. Kemp. The physicians may only testify about what they saw and did and why they did it.

Specifically, defendants seek to exclude Dr. Blei, Dr. Bolles, and Dr. Molina from opining on treatment Mr. Kemp received from other physicians. To the extent that Doctors Blei, Bolles, and Molina relied on other physicians' notes in treating Mr. Kemp, they may discuss them. These notes would be part of what the physicians saw and would explain why they treated Mr. Kemp in the way that they did. However, Doctors Blei, Bolles, and Molina cannot testify about any physician opinions that they did not consider in treating Mr. Kemp.

Further, defendants seek to limit Mr. Kemp's physicians from discussing the cause of his injuries. "[T]he prevailing weight of authority today is that, to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment, treating physicians may opine on causation." *Starling v. Union Pacific*, 203 F.R.D. 468, 479 (D.Kan.2001). Therefore, Mr. Kemp's physicians may opine on causation only to the extent that those opinions on the cause of the injury were a necessary part of Mr. Kemp's treatment.

Preclusion Issues

As a result of the state litigation, Mr. Kemp now seeks to apply issue preclusion to establish Mr. Wade and Mr. Tarver's negligence. Mr. Kemp acknowledges that defendants would still be permitted to argue facts related to the deliberate indifference test.

When determining the preclusive effects of a state court judgment, the federal court must look first to state preclusion law. *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 380 (1985). Under Colorado law, issue preclusion only applies if four criteria are met: (1) the issue that was decided in the prior adjudication is identical with the issue presented; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted is the

4

same party or is in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted had a full and fair opportunity to litigate the issue in a prior adjudication. *Pomeroy v. Waitkus,* 517 P.2d 396, 399 (Colo. 1973).

Plaintiff cannot satisfy the first criteria, that the issues are identical, and therefore issue preclusion does not apply. In the prior adjudication the issue was whether Mr. Tarver and Mr. Wade were negligent. However, negligence is not an issue in this claim. To succeed on an Eighth Amendment claim, Mr. Kemp must show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The test for deliberate indifference has both an objective and subjective component. *Id.* at 834. The objective component is met when a plaintiff alleges a deprivation that is "sufficiently serious." *Id*. The subjective component refers to the defendant's mindset. "'[D]eliberate indifference describes a state of mind more blameworthy than negligence,' but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Dexter v. Ford Motor Co.*, 92 Fed. App'x 637, 640 (quoting *Farmer*, 511 U.S. at 835) (internal citations omitted). Because deliberate indifference requires a showing that is more blameworthy than negligence, and the previous jury dealt with whether Mr. Tarver and Mr. Wade were negligent, the previous jury verdict does not go to an identical issue.

Mr. Kemp argues that the jury verdict in favor of Mr. Kemp can be used to establish that Mr. Kemp was not comparatively negligent, that defendants were the proximate cause of Mr. Kemp's injuries, and that Mr. Kemp's injuries were not caused by a pre-existing condition. However, Mr. Kemp submits only a trial management order that discusses claims and defenses for trial. Without more to know that these issues were actually litigated and determined, issue preclusion is not appropriate. Accordingly, plaintiff's motion for issue preclusion is DENIED.

Defendants responded to plaintiff's motion for issue preclusion with a cross motion for claim preclusion based upon the same state court judgment. Claim preclusion is a dispositive motion; if defendants' motion was granted Mr. Kemp's first claim would be dismissed. According to the scheduling order of March 7, 2012 [#132] all dispositive motions had to be filed in this Court no later than August 1, 2012. The state court trial ended June 29, 2012. There is no reason that defendants needed to wait until October 15, 2012, fourteen days before trial, to file this motion. Accordingly, defendants' motion for claim preclusion is DENIED as untimely.

**Order**

1. Defendants' motion in limine is GRANTED IN PART and DENIED IN PART as described in this order.
2. Plaintiff's motion for issue preclusion is DENIED.
3. Defendants' cross motion for claim preclusion is DENIED.

DATED this 26th day of October, 2012 .

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge