**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

```
GLENN H. KEMP,                      )
                                    )
                Plaintiff,          )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 09-295-KHV
BRIAN WEBSTER, et al.,              )
                                    )
                Defendants.         )
                                    )
```

**MEMORANDUM AND ORDER**

This matter comes before the Court on Glenn H. Kemp's Motion To Award Plaintiff's Attorney's Fees (Doc. #182) filed November 30, 2012. For reasons set forth below, the Court finds that plaintiff's motion should be sustained in part.

**Procedural Background**

In February of 2008, plaintiff was an inmate at Sterling Correctional Facility in Sterling, Colorado. He suffered injuries when the correctional van in which he was riding crashed into another vehicle. Under 42 U.S.C. § 1983, he brought suit against the van driver, Christopher Wade, another correctional officer, Tracy Tarver, and other prison officials. Among other things, the complaint alleged that Wade and Tarver were deliberately indifferent to plaintiff's Eighth Amendment rights. After plaintiff filed two amended complaints pro se, attorney Brett Lampiasi entered an appearance on his behalf. Plaintiff then asserted additional claims of failure to provide medical treatment against additional defendants, including Beverly Dowis, the Sterling medical scheduler. Ultimately, the case proceeded to jury trial on plaintiff's claims that (1) Wade and Tarver were deliberately indifferent to his health and safety by refusing his request for a seatbelt and (2) Dowis was deliberately indifferent to his

serious medical needs when she failed to schedule a biopsy which a urologist had ordered. The jury found that Wade, Tarver and Dowis had each violated plaintiff's constitutional rights. On plaintiff's claims against Wade and Tarver, the jury awarded $1.00 in nominal damages as to each defendant and punitive damages of $1,000.00 as to each defendant. On plaintiff's claims against Dowis, the jury awarded $30,000.00 in actual damages and no punitive damages.

## Analysis

Plaintiff seeks attorney's fees totaling $169,657.30. A prevailing plaintiff under Section 1983 may seek attorney's fees under 42 U.S.C. § 1988.[1] As noted, the jury awarded plaintiff $1,001.00 on his claims against both Wade and Tarver and $30,000.00 on his claims against Dowis. Plaintiff is thus a "prevailing party." See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (plaintiff is prevailing party for attorney's fees purposes if succeeds on any significant issue in litigation which achieves some of benefit sought in bringing suit); see also Farrar v. Hobby, 506 U.S. 103, 112 (1992) (even party who wins only nominal damages under 42 U.S.C. § 1983 is prevailing party under Section 1988).

Under Section 1988, a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award "unjust." Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir. 1997) (quoting Blanchard v. Bergeron, 489 U.S. 87, 89 n.1 (1989)). The Tenth Circuit has applied a three-part test to determine whether a prevailing party has achieved sufficient success to receive attorney's fees under Section 1988. The "relevant indicia of success" are (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff

---

[1] The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, provides in relevant part as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

prevailed; and (3) the public purpose of the litigation. Phelps, 120 F.3d at 1131 (citing Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring)).

As to the first factor, plaintiff sought $200,000.00 in compensatory damages and $375,000.00 in punitive damages each from Tarver and Wade. Plaintiff recovered $1.00 in compensatory damages and $1,000.00 in punitive damages from each of them. Plaintiff sought $200,000.00 in compensatory damages and $750,000.00 in punitive damages from Dowis, and recovered $30,000.00 in compensatory damages and no punitive damages. Although the recovery is low compared to the amount sought, it is not merely technical. See Phelps. 120 F.3d at 1132.

As to the second factor – the significance of the legal issue on which plaintiff prevailed – the Eighth Amendment protection against cruel and unusual punishment is an important right.

As to the third factor, the public purpose served by plaintiff's success, the judgment here vindicates important rights under the Eighth Amendment. See Cartwright v. Stamper, 7 F.3d 106, 110 (7th Cir. 1993). The Court finds that each of the Farrar factors weighs in favor of an attorney's fee award in this case.

The amount of an attorney's fee award under Section 1988 is committed to the district court's discretion. Zinna v. Congrove, 680 F.3d 1236, 1239 (10th Cir. 2012). The presumptively reasonable attorney's fee is the product of reasonable hours times a reasonable rate. Id. at 1242. This calculation yields a "lodestar" figure which is subject to adjustment. Id.; see Blum v. Stenson, 465 U.S. 886, 888 (1984). In addition, because plaintiff's fee request is governed by the attorney's fee provisions of the Prison Litigation Reform Act ("PLRA"), plaintiff must show that the fees were directly and reasonably incurred in proving a violation of his rights and that the fees were proportional to his relief.[2] See 42

---

[2]    42 U.S.C. § 1997e(d) provides in relevant part as follows:

(continued...)

U.S.C. § 1997e(d)(1); Riley v. Kurtz, 361 F.3d 906, 914 (6th Cir. 2004).  Plaintiff bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998).

**I.      Reasonable Hourly Rate**

In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983) (overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council For Clean Air, 483 U.S. 711 (1987); see Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1203

---

[2](...continued)
(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized . . . such fees shall not be awarded, except to the extent that --

(A) The fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [Section 1988]; and
(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel.

  42 U.S.C. § 1997e(d).

4

(10th Cir. 1998). A reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation." Blum, 465 U.S. at 896 n. 11. A district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate. Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir. 1994) (citation omitted). To determine a reasonable rate, the Court focuses on the rates of "lawyers of comparable skill and experience." Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1204 (10th Cir. 1998).

Plaintiff seeks $325.00 per hour for Brett Lampiasi. Under the PLRA, "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). The hourly rate set by the Judicial Conference for the Tenth Circuit for the relevant time period was $125.00. Defendant argues that plaintiff is therefore limited to an hourly rate of 150 per cent of $125.00, i.e. $187.50.

Plaintiff asserts that the Court should not apply the PLRA cap on the hourly rate because it is unconstitutional. Relying on Judge Ilana Rovner's dissent in Johnson v. Daley, 339 F.3d 582, 600-20 (7th Cir. 2003), plaintiff argues that the PLRA cap irrationally discriminates against prisoners, and thus violates the Equal Protection clause.[3] Every court of appeals to address constitutional challenges to the

---

[3] Judge Rovner reasoned as follows:

As a means of discouraging frivolous or trivial suits by prisoners, the PLRA imposes no restriction on fees that § 1988 does not already impose. As a means of reducing the burden on states, there is no rational reason to single out prisoners. The PLRA fee restrictions will, however, have a significant, predictable impact on the ability of prisoners with meritorious cases to obtain representation. As the district court recognized, "the only prisoners affected are those who file meritorious complaints for whom the court cannot secure counsel because of the limited fees available to

(continued...)

5

PLRA fee caps in a precedential opinion, however, has rejected the challenges.  Parker v. Conway, 581 F.3d 198, 202 (3d Cir. 2009) (citing, inter alia, Royal v. Kautzky, 375 F.3d 720, 725-26 (8th Cir. 2004)); Riley v. Kurtz, 361 F.3d 906, 917 (6th Cir. 2004); Daley, 339 F.3d at 598 (7th Cir. 2003) (en banc); Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797-98 (11th Cir. 2003); Boivin v. Black, 225 F.3d 36, 46 (1st Cir. 2000); Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999)).  Further, although plaintiff argues that the PLRA does not apply here because of the "unique nature" of this case and the jury verdict, he cites no controlling authority on that issue.

Plaintiff provides sufficient evidence of counsel's experience to justify the maximum allowable rate of $187.50.  Mr. Lampiasi has worked in private practice for six years.  He has experience in representing indigent criminal defendants and in federal civil rights litigation.  Mr. Lampiasi performed admirably and obtained excellent results at trial.  Given the Court's knowledge of market rates in the District of Colorado and the PLRA cap, the Court finds that $ 187.50 is a reasonable hourly rate.

## II.    Number of Hours

Attorneys normally do not bill all hours expended in litigation to a client, and "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked."  Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting Malloy v. Monahan, 73 F.3d

---

[3](...continued)
lawyers in such cases."  Johnson, 117 F.Supp.2d at 896.  Rather than decrease the burden on courts, these restrictions will have the opposite effect, making it more difficult for courts to persuade lawyers to accept appointment.  Id. at 898. The inevitable result will be that constitutional violations against prisoners will go unremedied, and that is contrary to the purposes of the civil rights acts and § 1988. Congress has no legitimate governmental interest in deterring the filing of meritorious lawsuits. As such, the classification is not rationally related to the goals and fails Equal Protection scrutiny.

Daley, 339 F.3d at 619 (dissent).

1012, 1018 (10th Cir. 1996) (further quotations and citations omitted)). To show billing judgment, "'[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' . . . [and the] district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation." Ellis, 163 F.3d at 1202.

Here, plaintiff seeks attorney's fees for 522 hours of work. Defendants first argue that the Court should eliminate 14 hours and 36 minutes for time spent on a response to a motion to dismiss claims against Correctional Health Partners and its employees. The Court agrees that this time did not reasonably relate to plaintiff's claims against Wade, Tarver or Dowis and that a reduction of 14 hours and 36 minutes is in order.

Defendants next argue that the Court should eliminate nine hours and 12 minutes spent on a response to a motion to dismiss filed by defendant Dr. Stephen Krebs. Plaintiff ultimately dismissed Dr. Krebs from the lawsuit. The claims against Dr. Krebs were not related to plaintiff's claims against Wade, Tarver or Dowis, and a reduction of nine hours and 12 minutes is therefore justified.

Defendants also argue that the Court should eliminate nine hours and 45 minutes spent on an unsuccessful motion regarding claim preclusion. The Court agrees.

Finally, defendants ask the Court to disallow 18 hours and 30 minutes which counsel spent working on a potential motion for a temporary restraining order which plaintiff never filed. The Court agrees that this time was not necessary.

In sum, the Court finds that the 522 hours requested should be reduced by 52 hours, to 470 hours.

### III. Lodestar Calculation

Based on the above discussion, the Court calculates the lodestar as follows:

470 hours x $187.50 = $88,125.00.

Once a court has determined the lodestar amount, "other considerations . . . may lead the district court to adjust the fee upward or downward." Hensley, 461 U.S. at 434. Defendants seek a reduction in the loadstar to account for block billing regarding unsuccessful claims and for limited success at trial.

Defendants note that plaintiff's counsel "block billed" 51 hours and 48 minutes drafting a third amended complaint which named 13 defendants, but plaintiff went to trial against only three of them. The Court finds that a 76 per cent reduction is justified, and therefore reduces the lodestar by $7,381.50.

Defendants also note that plaintiff's counsel block billed 50 hours and 24 minutes on a response to a summary judgment motion that involved claims against two defendants (Chamjock and Webster) which were unrelated to the claims against Tarver, Wade and Dowis. Plaintiff did not succeed on his claims against Chamjock and Webster and thus is not entitled to recover for time spent on those claims. The billing records do not specify what portion of the block billing related to the claims against Tarver, Wade or Dowis. The Court finds that a 40 per cent reduction is reasonable, and therefore reduces the lodestar by $3,780.00.

Finally, defendants assert that the Court should further reduce the lodestar for the limited success at trial. The Court finds that the degree of success does not warrant further reduction or enhancement of the adjusted lodestar amount of $76,963.50. As defendants point out, however, the PLRA, 42 U.S.C. § 1997e(d), caps the fee award at 150 per cent of the judgment. The Tenth Circuit has held that the language of section 1997e(d)(2) may be "inartful," but that it limits defendant's liability for attorney's fees to 150 per cent of the money judgment. Robbins v. Chronister, 435 F.3d 1238, 1240 (10th Cir. 2006). Although plaintiff argues that the PLRA cap should not apply, he points to no controlling authority in support of his position.[4] The Court finds that plaintiff's fee award is limited to 150 per cent

---

[4] Plaintiff asserts that the Court should not consider the punitive damage award a
(continued...)

of the monetary judgment. As noted, the jury awarded plaintiff $1,001.00 each against Tarver and Wade and $30,000.00 against Dowis. The fee award is therefore capped at 150 per cent of $32,002.00, or $48,003.00. The Court finds that plaintiff's counsel directly and reasonably incurred $48,003.00 in proving an actual violation of plaintiff's constitutionally protected rights. See 32 U.S.C. § 1997(e)(d)(1)(A). The amount of the fee must be "proportionately related" to the relief for the violations. 42 U.S.C. § 1997e(d)(1)(B)(i). The Court therefore finds that plaintiff should recover as attorney's fees 150 per cent of the jury award on his claims against each defendant: $1,501.50 from Tarver and Wade and $45,000.00 from Dowis.

Finally, the PLRA provides that a portion of plaintiff's monetary judgment, not to exceed 25 per cent, "shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). The United States Supreme Court and the Tenth Circuit Court of Appeals have not directly addressed whether this language mandates that 25 per cent of a judgment must be applied to satisfy a fee award. Miranda, 629 F. Supp.2d at 1257. The vast majority of courts addressing this issue, however, have held that a court does not have to automatically apply 25 per cent of a judgment to a fee award. See Boesing v. Spiess, 540 F. 3d 886 (8th Cir. 2008).[5]

---

[4](...continued)
"monetary judgment" subject to the 150 per cent cap, because it constitutes injunctive or declaratory relief directed against the State. The complaint, however, did not contain claims for injunctive or declaratory relief, and the State was not a party to the lawsuit. Further, as defendants point out, the plain language of the PLRA refers to a "monetary judgment" and does not distinguish between compensatory and punitive damages.

[5] Ten years ago, the undersigned judge found that the PLRA mandates that 25 per cent of the judgment must be applied to satisfy the fee award. See Jackson v. Austin, 267 F. Supp.2d 1059, 1071 (D. Kan. 2003). The Court reasoned that although the statute is not a "model of clarity," the "more plausible interpretation – especially given the other limits that Section 1997e places on both prisoners and the courts – is that the Court must automatically apply plaintiff's fee award against his damages to the extent that it does not exceed 25 per cent of the damages." Id. The vast
(continued...)

The PLRA does not identify how a court should determine the portion of a monetary judgment to apply to a fee award. This Court has followed the Eighth Circuit Court of Appeals in considering the following non-exclusive factors:

> (1) the degree of the opposing parties' culpability or bad faith, (2) the ability of the opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions.

Hall v. Terrell, 648 F. Supp.2d 1229, 1236 (D. Colo. 2009) (quoting Kahle v. Leonard, 563 F.3d 736, 743 (8th Cir. 2009) (district court has broad discretion to determine allocation under Section 1997e(d)(2)).

The first factor – the opposing parties' culpability or bad faith – favors plaintiff over defendants. In particular, the jury found that Wade and Tarver are liable for punitive damages, and the purpose of a punitive damage award is to punish defendants. As to factor two, defendants provide no evidence as to each defendant's ability to satisfy an award of attorney's fees or whether the state has agreed to indemnify any or all of them. Because defendants have not provided this information, the Court finds that this factor favors plaintiff. Factor three, the possibility that the award may deter other persons acting under similar circumstances, favors plaintiff. And factor four, the relative merits of each party's

---

[5](...continued)
majority of cases decided since then, however, have found that the statute sets forth 25 per cent as a maximum, not a mandatory amount. See Parker v. Conway, 581 F.3d 198, 205 (3d Cir. 2009) Boesing, 540 F.3d at 866, 891-92 (collecting cases) (citing Siggers-El v. Barlow, 433 F.Supp.2d 811, 822-23 (E.D. Mich. 2006) (statute does not provide guidance for percentage to apply)); Farella v. Hockaday, 304 F.Supp.2d 1076, 1081 (C.D. Ill. 2004) (plain language sets forth 25 per cent as maximum, not mandatory, amount); Collins v. Algarin, No. Civ. A. 95-4220, 1998 WL 10234, at *10 (E.D. Pa. Jan. 9, 1998) (PLRA does not impose minimum percentage that must be applied toward fees); Murphy v. Gilman, Nos. 03-145, 04-103, 2008 WL 2139611, at *1-3 (W.D. Mich. May 20, 2008) (applying $1.00 against judgment); Sutton v. Smith, No. AW-98-2111, 2001 WL 743201, at *2 (D. Md. June 26, 2001) (same); Morrison v. Davis, 88 F. Supp.2d 799, 811 (S.D. Ohio 2000) (same)). But see Jackson, 267 F. Supp.2d at 1071-72; Roberson v. Brassell, 29 F. Supp.2d 346, 355 (S.D. Tex. 1998). On further reflection, the Court adopts the majority view.

position, also favors plaintiff.

Based on these considerations, the Court finds that five per cent of the damages from plaintiff's claims against Dowis should be applied to satisfy the $45,000.00 attorney's fee award against her. The Court also finds that five per cent of the damages from plaintiff's claims against Tarver and Wade should be applied to the $1,501.50 attorney's fee award against each of them. See Norwood v. Vance, No. 03-2554-GEB-GGH-P, 2008 WL 686901, at * (E.D. Cal. March 12, 2008); Morrison v. Davis, 88 F. Supp. 2d 799, 811 (S.D. Ohio 2000).

**IT IS THEREFORE ORDERED** that Glen Kemp's Motion To Award Plaintiff's Attorney's Fees (Doc. #182) filed November 30, 2012 be and hereby is **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff is awarded $48,003.00 in attorney's fees.

**IT IS FURTHER ORDERED** that five per cent, or $1,500.00 of the damages award obtained by plaintiff Glenn Kemp against Beverley Dowis shall be applied to satisfy the award of attorney's fees.

**IT IS FURTHER ORDERED** that five per cent, or $50.05 of the damages award obtained by plaintiff Glenn Kemp against Chris Wade shall be applied to satisfy the award of attorney's fees.

**IT IS FURTHER ORDERED** that five per cent, or $50.05 of the damages award obtained by plaintiff Glenn Kemp against Tracy Tarver shall be applied to satisfy the award of attorney's fees.

**IT IS FURTHER ORDERED that no later than December 2, 2013, defendants shall pay to plaintiff's counsel, Brett Daniel Lampiasi, Post Office Box 347, Hatfield, Massachusetts 01038, their portion of the attorney's fees award, as follows:**

**Beverly Dowis – $43,500.00.**

**Chris Wade - $1,451.45.**

**Tracy Tarver - $1,451.45.**

**IT IS FURTHER ORDERED** that no later than December 2, 2013, defendants shall satisfy the Final Judgment (Doc. #178) in favor of plaintiff.  In doing so, defendants shall deduct plaintiff's attorney fee obligation and shall remit the following fees to Mr. Lampiasi on plaintiff's behalf:

**Beverly Dowis - $1,500.00.**

**Chris Wade - $50.05.**

**Tracy Tarver - $50.05**.

Dated this 18th day of November, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
